FILED
May 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002650764

ROUTH CRABTREE OLSEN, P.S.
Brett P. Ryan, Esq., SBN #200563
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-382-0315
Facsimile 714-277-4899
Email bryan@rcolegal.com

File No.: RCO 7021.40212
Attorneys for BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, its assignees and/or successors in interest

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re: | Bk. No. 10-14641-A-7 |
|---|---|
| Tarlochan Singh and Harpreet Kaur | Chapter 7 <br> DC No.: RCO-1 |
| Debtor(s). | *MOTION FOR RELIEF FROM AUTOMATIC STAY* <br> Hearing: <br> Date: June 22, 2010 <br> Time: 1:30 PM <br> Place: U.S. Bankruptcy Court <br> 2500 Tulare Street <br> Fresno, CA 93721 <br> Dept: A <br> Room 11 <br> Floor 5th |

### I. Introduction

COMES NOW, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, its successors in interest, agents, assigns and/or assignors ("Movant") and moves this court for an order under § 362(d)(1) and/or § 362(d)(2) terminating the automatic

subject loan is in default and is due the following payments:

| 7 Regular Payments from August 1, 2009 to February 1, 2010 @ $1,762.62 each | $12,338.34 |
| --- | --- |
| 3 Regular Payments from March 1, 2009 to May 1, 2010 @ $1,761.05 each | $5,283.15 |

The approximate total amount owed on the loan at this time is:

| Principal Balance | $266,837.08 |
| --- | --- |
| Accrued Interest | $13,948.63 |
| Current bankruptcy fees and costs | $800.00 |
| Inspection Fees | $45.00 |
| Attorney/ Trustee Fee | $325.00 |
| Title Fee | $225.00 |
| Mailing Fee | 33.12 |
| Recording Fee | $26.00 |
| Approximate Total Due | **$282,239.83** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Movant's counsel directly for a reinstatement quote.

### IV. Authority

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause." Adequate protection is lacking in cases where there is an insufficient equity cushion in the subject property. In re Mellor, 734 F.2d 1936, 1401

(9th Cir. 1984). An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a loss in the event of a decrease in value while the property is encumbered by the automatic stay. Id. at 1400 n.2. In the case at bar, considering the value of the Property, Movant's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and thus Movant lacks adequate protection. Additionally, "cause" to terminate the automatic stay exists in Debtors' continued failure to make payments towards the obligation. In this case, Debtors have failed to make the required payments as due under the terms of the note and thus there is "cause" to lift the stay. "Cause" also exists to terminate the automatics stay as the Debtors' Statement of Intention reflects Debtors' intent to surrender the Property to Movant.

Furthermore, under 11 U.S.C. § 362 (d)(2), a Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the property and the property is not necessary for an effective reorganization. Here, as shown below, the value of the encumbrances, including all liens and costs of liquidation exceed the value of the property such that there is no equity available for the estate. Because the Debtors have chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order for Relief from Stay will not adversely affect the prospects of reorganization.

Value (as shown on Debtors' Schedules A and D):         $145,000.00

Less:

| | |
|---|---|
| Movant's Deed of Trust (1st) | **$282,239.83** |
| Bank of America Home Loans (Second Lien Holder) (as shown on Debtors' Schedule D) | $51,600.00 |
| TOTAL EQUITY | -$188,839.83 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

4

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtors and Debtors' bankruptcy estate, allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments;

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. That the fourteen (14) day stay under F.R.B.P. 4001(a)(3) be waived;

5. That any fees and costs incurred in the prosecution of this motion may be assessed consistent with the terms of the underlying Note and Deed of Trust; and

6. For such other relief as the Court deems proper.

Date: May 20, 2010

Respectfully submitted by,
**ROUTH CRABTREE OLSEN, P.S.**

By: /s/ Brett Ryan
BRETT RYAN, ESQ
Attorneys for Movant

MOTION FOR RELIEF FROM AUTOMATIC STAY

5